UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NUMBER: _____

BRITTANY MINTER,

      Plaintiff,

vs.

CITY OF COCOA BEACH, a Florida Municipality,
MATTHEW LAFLEUR, Individually, and
MATTHEW EASTMAN, Individually,

      Defendants.
_____/

## COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Brittany Minter, hereby sues Defendants, City of Cocoa Beach, Matthew Lafleur and Matthew Eastman, and alleges:

### GENERAL ALLEGATIONS

1. This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988 and Fourth Amendment to the United States Constitution, together with state law claims.

2. This Court has jurisdiction of this action pursuant to provision 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

3. At all times material hereto, Plaintiff, Brittany Minter, was and is a resident of Brevard County, Florida, and the United States of America.

4. At all times material hereto, the City of Cocoa Beach was a Florida municipality located within the confines of Brevard County, Florida, and employed the two other Defendants as set forth below.

5. At all times material hereto, Officer Matthew Lafleur was a resident of Brevard County, Florida and employed by the City of Cocoa Beach as a police officer.

6. At all times material hereto, Officer Matthew Eastman was a resident of Brevard County, Florida and employed by the City of Cocoa Beach as a police officer.

7. At all times material hereto, Officers Lafleur and Eastman were acting in the course and scope of their employment and under the color of law, unless otherwise indicated and those officers are sued herein in their official and individual capacities.

8. On or about May 24, 2022, Plaintiff, Brittany Minter, furnished the Cocoa Beach Police Department, the City of Cocoa Beach, and Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to Section 768.28, Florida Statutes, and those notices were received on or about May 26, 2022.

9. Plaintiff, Brittany Minter, has complied with all the conditions precedent, including the conditions precedent set forth in Section 768.28, Florida Statutes, prior to filing this civil action.

10. Plaintiff, Brittany Minter, has retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent her in this action.

## STATEMENT OF FACTS

11. On April 7, 2022, at approximately 3:00 a.m., the Plaintiff, Brittany Minter, was lawfully driving her vehicle on A1A in Cocoa Beach, Brevard County,

Florida, such vehicle was clearly marked with an UBER designation, and was enroute to pick up a passenger to be delivered to the Orlando International Airport.

12. The Plaintiff is a young black female and was virtually alone on that road at that time in the morning in the course and scope of her employment as an UBER driver.

13. At no time did the Plaintiff violate any traffic laws or ordinances, nor drive her vehicle in any erratic way. She was driving normally and within the speed limit when she observed a marked Cocoa Beach patrol vehicle behind her as she was headed north.

14. Driving that marked Cocoa Beach Police patrol vehicle was Police Officer Matthew Lafleur. Officer Lafleur accelerated his vehicle to pull up into the lane left of and next to the Plaintiff's vehicle, clearly looking at her, fell back behind her, and then accelerated again to pull up next to her and view her again from his vehicle. After doing this for the second time, and falling back in behind the Plaintiff's vehicle, he turned on his emergency lights and the Plaintiff, as a young black female alone in her car, was frightened and called 911 to report the officer's behavior.

15. Given the presence of the police officer with his emergency lights on, the Plaintiff pulled over as instructed and was in the parking lot of a business on A1A when Officer Lafleur and another officer, believed to be Officer Matthew Eastman, approached her vehicle and opened her door. She was, in fact, already on the 911 call on her cellular phone.

16. Defendant, Officer Lafleur, without probable cause and having already conducted an illegal traffic stop (no traffic violation, vehicle defect or other conduct

3

warranting the stop), promptly made the decision to arrest the Plaintiff for "misuse of the 911 emergency communication systems".

17. While Officer Lafleur was conducting the illegal arrest, Defendant, Matthew Eastman, also a Cocoa Beach police officer, used excessive force by pepper spraying the Plaintiff without cause, thus causing temporary injury to her person.

18. After the illegal traffic stop and arrest of the Plaintiff, she was put into handcuffs and placed in a patrol car, where Officer Bobby Strange, another Cocoa Beach police officer, transported the Plaintiff and in a threatening manner warned her that "the cops in here are going to fuck you up!" She was subsequently photographed, booked, fingerprinted and strip-searched when being placed into the Brevard County Jail in Sharpes, Florida.

19. Before taking her to jail, the Cocoa Beach Police took her to Cape Canaveral Hospital, thus subjecting her to unwarranted and unnecessary medical care and medical costs. She remains indebted to the hospital..

20. Plaintiff, Brittany Minter, immediately pled Not Guilty to the aforementioned baseless and frivolous charges.

21. On May 9, 2022, the criminal charges against the Plaintiff were dismissed via a Notice of No Information filed with County Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida by Assistant State Attorney Susan J. Barker.

## COUNT I – SECTION 1983
## CLAIM AGAINST MATTHEW LAFLEUR
## UNLAWFUL STOP, DETENTION AND INTERROGATION

22. Plaintiff, Brittany Minter, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. The actions of Officer Lafleur in causing the stop, detention and interrogation of Plaintiff, Brittany Minter, in the absence of probable cause or reasonable suspicion were taken in absence of lawful authority.

24. The conduct of Officer Lafleur towards Plaintiff, Brittany Minter, was objectively unreasonable and violated the clearly established rights of Plaintiff, Brittany Minter, under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from stop, detention and interrogation in the absence of probable cause or reasonable suspicion.

25. As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff, Brittany Minter, has suffered loss of liberty and freedom and suffered emotional and mental anguish.

**WHEREFORE**, Plaintiff, Brittany Minter, demands judgment against Defendant, Officer Lafleur, as follows:

    a. for compensatory damages;

    b. for punitive damages;

    c. for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

    d. any further relief as allowed by law due to the unlawful conduct of Officer Lafleur.

### COUNT II – SECTION 1983
### CLAIM AGAINST MATTHEW LAFLEUR
### FALSE ARREST / FALSE IMPRISONMENT

26. Plaintiff, Brittany Minter, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

27. The actions of Officer Lafleur in causing the arrest of Plaintiff, Brittany Minter, in the absence of probable cause were taken in the absence of lawful authority. The actions of Officer Lafleur constitute false arrest/false imprisonment of Plaintiff, Brittany Minter.

28. The conduct of Officer Lafleur towards Plaintiff, Brittany Minter, was objectively unreasonable and violated the clearly established rights of Plaintiff, Brittany Minter, under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure, arrest and confinement in the absence of probable cause.

29. As a direct and proximate result of the acts described herein, in violation of U.S.C. § 1983, Plaintiff, Brittany Minter, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

30. As a further direct and proximate result of the conduct of Officer Lafleur, Plaintiff, Brittany Minter, suffered loss of liberty and freedom and the costs of bond and defense of the criminal prosecution, lost wages, and the unnecessary incurring of medical expenses. The losses of Plaintiff, Brittany Minter, are either permanent or continuing and Plaintiff, Brittany Minter, will suffer the losses in the future, in violation of the civil rights of Plaintiff, Brittany Minter.

**WHEREFORE**, Plaintiff, Brittany Minter, demands judgment against Defendant, Matthew Lafleur, as follows:

    a. for compensatory damages;

    b. for punitive damages;

    c. for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

      d.    any further relief as allowed by law due to the unlawful conduct of Officer Lafleur.

### COUNT III – STATE LAW
### CLAIM AGAINST THE CITY OF COCOA BEACH
### FALSE ARREST / FALSE IMPRISONMENT

31.    Plaintiff, Brittany Minter, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

32.    Officer Lafleur did not have probable cause to believe that Plaintiff, Brittany Minter, had committed the alleged criminal offense of abuse of the 911 systems and circumstances known to Officer Lafleur were not sufficient to cause a reasonable, cautious person to believe that Plaintiff, Brittany Minter, had committed the aforementioned criminal offense.

33.    Officer Lafleur intentionally caused Plaintiff, Brittany Minter, to be arrested and restrained for the alleged criminal offense of misuse of the 911 system pursuant to F.S. § 365.172(.14). Further, Officer Lafleur either purposely caused the arrest and restraint of Plaintiff, Brittany Minter, or otherwise acted with knowledge that the arrest and restraint of Plaintiff would be substantially certain to occur.

34.    The arrest and restraint of Plaintiff, Brittany Minter, was against the will of Plaintiff and was unlawful, unreasonable and without probable cause.

35.    As a direct and proximate result of the aforementioned acts, Plaintiff, Brittany Minter, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

36.    As a further direct and proximate result of the conduct of the aforementioned police officer employed by the City of Cocoa Beach, the Plaintiff,

Brittany Minter, was arrested, detained and confined in jail and suffered from or incurred injury to her reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, lost wages and the unnecessary incurring of medical expenses, legal expenses, costs of bond and other related expenses.

**WHEREFORE**, Plaintiff, Brittany Minter, hereby demands judgment for damages against Defendant, City of Cocoa Beach, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT IV – STATE LAW CLAIM AGAINST MATTHEW LAFLEUR FALSE ARREST / FALSE IMPRISONMENT

37. Plaintiff, Brittany Minter, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

38. Officer Lafleur, individually, proximately caused the arrest of Plaintiff, Brittany Minter, in the absence of probable cause that Plaintiff, Brittany Minter, committed any criminal offense.

39. The actions of Officer Lafleur, individually, in causing the arrest of Plaintiff, Brittany Minter, in the absence of probable cause, were taken in absence of lawful authority. The actions of Officer Lafleur, individually, constitute false arrest/false imprisonment of Plaintiff, Brittany Minter.

40. Or, in the alternative, if the false arrest/false imprisonment of Plaintiff, Brittany Minter, was not committed by Officer Lafleur during the course and scope of his employment with The City of Cocoa Beach, or was committed by Officer Lafleur in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of

human rights, safety, or property, the false arrest/false imprisonment of Plaintiff, Brittany Minter, was committed by Officer Lafleur in his individually capacity.

41. As a direct and proximate result of the aforementioned acts, Plaintiff, Brittany Minter, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

42. As a further direct and proximate result of the conduct of Officer Lafleur, individually, Plaintiff, Brittany Minter, suffered loss of liberty and freedom, legal expenses, costs of bond and other related expenses, mental anguish, lost wages and the unnecessary incurring of medical expense, and loss of capacity for the enjoyment of life. The losses to Plaintiff, Brittany Minter, are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Brittany Minter, hereby demands judgment for damages against Defendant, Matthew Lafleur, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT V – STATE LAW CLAIM AGAINST MATTHEW LAFLEUR
### MALICIOUS PROSECUTION

43. Plaintiff, Brittany Minter, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

44. Officer Lafleur, individually, maliciously instituted and continued a criminal prosecution against Plaintiff, Brittany Minter. Officer Lafleur commenced and continued the criminal prosecution recklessly, without probable cause, and without due regard for whether the criminal prosecution against Plaintiff, Brittany Minter, was justified.

45. The criminal proceedings instituted and/or continued by Officer Lafleur, individually, reached a bona fide resolution in favor of Plaintiff, Brittany Minter.

46. As a direct and proximate result of the acts described above, Plaintiff, Brittany Minter, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

47. As a further direct and proximate result of the conduct of Officer Lafleur, individually, Plaintiff, Brittany Minter, suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, lost wages and the unnecessary incurring of medical expense, costs of bond and incurred attorney's fees in the defense of the charges commenced or continued against her. The losses of Plaintiff, Brittany Minter, are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Brittany Minter, hereby demands judgment for damages against Defendant, Matthew Lafleur, together with costs of this civil action and any further relief this Court deems appropriate.

### COUNT VI – 42 U.S.C. SECTION 1983
### VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
### AGAINST MATTHEW EASTMAN

48. Plaintiff, Brittany Minter, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

49. Officer Eastman was present during the arrest of the Plaintiff by Officer Lafleur and knew there was no factual or legal basis for the arrest.

10

50. During the arrest and detention of the Plaintiff, Officer Eastman reached for his pepper spray cannister and used the irritant to injure the Plaintiff, Brittany Minter, by spraying it into her person.

51. Before using the pepper spray, Officer Eastman saw that the Plaintiff was not resisting.

52. Officer Eastman's use of force under the circumstances was excessive as there was no reason to subdue the Plaintiff, Brittany Minter, for allegedly misusing the 911 call number while in her car, nor the subsequent detainment and arrest by Officer Lafleur, all of which was captured on body and/or dash cam.

53. As a direct and proximate result of Officer Eastman's excessive use of force, Plaintiff, Brittany Minter, suffered a temporary bodily injury to her face and eye and thus a violation of her Constitutional rights under the Fourth and Eighth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff, Brittany Minter, demands judgment against Defendant, Matthew Eastman, as follows:

    a. for compensatory damages;

    b. for punitive damages;

    c. for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

    d. any further relief as allowed by law due to the unlawful conduct of Officer Eastman.

## DEMAND FOR JURY TRIAL

Plaintiff, Brittany Minter, hereby demands a jury trial in this action.

DATED this 25 day of January, 2023.

_____
DANIEL P. FAHERTY, ESQUIRE
Florida Bar No. 379697
Telfer, Faherty & Anderson, PLLC
City Square Professional Center
815 South Washington Avenue, Suite 201
Titusville, FL 32780-4299
Telephone No. (321) 269-6833
Facsimile No. (321) 383-9970
cguntner@ctrfa.com
croca@ctrfa.com
Attorneys for Plaintiff