UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-cv-00161-RBD-DCI

BRITTANY MINTER,

    Plaintiff,

vs.

CITY OF COCOA BEACH, a Florida
Municipality, MATTHEW LAFLEUR,
Individually, and MATTHEW EASTMAN,
Individually

    Defendants.
_____/

### DEFENDANT CITY OF COCOA BEACH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant City of Cocoa Beach, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint filed January 30, 2023 [Doc. 1] and in paragraphs corresponding to those set forth in Plaintiff's Complaint, states the following:

### GENERAL ALLEGATIONS

1. Defendant admits that Plaintiff brings this action pursuant to the provisions of the Fourth Amendment and 42 U.S.C. §§ 1983 and 1988, and Florida common law. Defendant relies on the text of the Fourth Amendment and 42 U.S.C.

§§ 1983 and 1988 and interpreting legal authority for their content, meaning, and interpretation. All other allegations and inferences arising therefrom are denied.

2. Defendant admits the allegations of paragraph 2 for jurisdictional purposes only. Defendant relies on the text of the Fourth Amendment and 42 U.S.C. § 1983 and interpreting legal authority for their content, meaning, and interpretation. All other allegations and inferences arising therefrom are denied.

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant denies as phrased the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies as phrased the allegations of paragraph 9.

10. Defendant is without knowledge regarding the retainer agreement between Plaintiff and her counsel, and therefore denies that allegation. Defendant denies the remaining allegations of paragraph 10.

## STATEMENT OF FACTS

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies as phrased the allegations of paragraph 21. Defendant admits that a Notice of No Information was filed in <u>State v. Brittany Minter</u>, Case Number 05-2022-MM-022505-AXXX-XX, in the County Court, in and for Brevard County, Florida, on May 9, 2022. All other allegations and inferences arising therefrom are denied.

### COUNT I – SECTION 1983
### CLAIM AGAINST MATTHEW LAFLEUR
### UNLAWFUL STOP, DETENTION AND INTERROGATION

22 - 25. Count I of Plaintiff's Complaint, paragraphs 22 through 25, does not state a claim against the City of Cocoa Beach. To the extent that the allegations in Count I seek to impose liability on this Defendant, the allegations are denied and strict proof is demanded thereof.

### COUNT II – SECTION 1983
### CLAIM AGAINST MATTHEW LAFLEUR
### FALSE ARREST/FALSE IMPRISONMENT

3

26 - 30.     Count II of Plaintiff's Complaint, paragraphs 26 through 30, does not state a claim against the City of Cocoa Beach. To the extent that the allegations in Count II seek to impose liability on this Defendant, the allegations are denied and strict proof is demanded thereof.

### COUNT III – STATE LAW
### CLAIM AGAINST CITY OF COCOA BEACH
### FALSE ARREST/FALSE IMPRISONMENT

31.     Defendant reasserts its answers contained in paragraphs 1 through 21 above as though fully set forth herein.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

35.     Defendant denies the allegations of paragraph 35.

36.     Defendant denies the allegations of paragraph 36.

### COUNT IV – STATE LAW
### CLAIM AGAINST MATTHEW LAFLEUR
### FALSE ARREST/FALSE IMPRISONMENT

37 - 42.     Count IV of Plaintiff's Complaint, paragraphs 37 through 42, does not state a claim against the City of Cocoa Beach. To the extent that the allegations in Count IV seek to impose liability on this Defendant, the allegations are denied and strict proof is demanded thereof.

### COUNT V – STATE LAW
### CLAIM AGAINST MATTHEW LAFLEUR

## MALICIOUS PROSECUTION

43 - 47.   Count V of Plaintiff's Complaint, paragraphs 43 through 47, does not state a claim against the City of Cocoa Beach. To the extent that the allegations in Count V seek to impose liability on this Defendant, the allegations are denied and strict proof is demanded thereof.

## COUNT VI – 42 U.S.C SECTION 1983
## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
## AGAINST MATTHEW EASTMAN

48 - 53.   Count VI of Plaintiff's Complaint, paragraphs 48 through 53, does not state a claim against the City of Cocoa Beach. To the extent that the allegations in Count VI seek to impose liability on this Defendant, the allegations are denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

54.   Defendant City of Cocoa Beach denies severally each and every remaining allegation of Plaintiff's Complaint and demands strict proof thereof.

55.   Defendant City of Cocoa Beach would assert that Plaintiff fails to state a claim for which relief may be granted.

56.   Defendant City of Cocoa Beach would assert that it is entitled to the privileges and immunities set forth by Florida Statute § 768.28, including sovereign immunity and all applicable statutory caps and restrictions regarding damages.

57. Defendant City of Cocoa Beach would assert that Plaintiff's allegations relate to discretionary actions for which this Defendant is entitled to sovereign immunity.

58. Defendant City of Cocoa Beach would assert that Ofc. Lafleur and Ofc. Eastman did not act in bad faith, with malicious purpose or in a manner exhibiting willful or reckless disregard for Plaintiff's human rights, safety, or property.

59. Defendant City of Cocoa Beach would assert that Ofc. Lafleur and Ofc. Eastman each acted with objective reasonableness at all material times.

60. Defendant City of Cocoa Beach would assert that Ofc. Lafleur and Ofc. Eastman each were lawfully exercising his rights as a law enforcement officer in a legal manner and in good faith.

61. Defendant City of Cocoa Beach would assert that probable cause existed for the law enforcement action taken against Plaintiff, including all actions by Ofc. Lafleur and Ofc. Eastman.

62. Defendant City of Cocoa Beach would assert that the incident alleged in Plaintiff's Complaint was caused in whole or in part by the negligence, carelessness, wrongful acts and/or misconduct of Plaintiff, so as to proximately result or contribute to the alleged incident and alleged damages. Therefore, Plaintiff's recovery, if any, should be barred or reduced by the percentage of

Plaintiff's negligence or carelessness that caused or contributed to the alleged incident and alleged damages.

63.     Defendant City of Cocoa Beach would assert that its liability, if any, must be determined pursuant to Florida Statute § 768.81(3) and Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993), and not on the basis of joint and several liability. Liability of each Defendant, if any, and all non-parties, must be determined on the basis of their own percentage of fault and the percentage of fault of all other potential parties or non-parties.  Separate lines on the verdict forms should be permitted for each party or non-party whose actions had a causal relationship to any alleged injuries or damages.

64.     Defendant City of Cocoa Beach would assert that Plaintiff failed to mitigate damages, if any, and therefore this Defendant is entitled to a set-off or a reduction of any verdict to the extent that Plaintiff has failed to mitigate damages.

65.     Defendant City of Cocoa Beach would assert that Plaintiff's claims are limited and should be reduced by the total amount of all collateral sources paid or payable to Plaintiff, including, but not limited to, amounts paid or payable pursuant to Florida Statute § 768.76.

66.     Defendant City of Cocoa Beach alleges that Plaintiff suffered from a previously existing condition so that damages, if any, should be reduced by the percentage of damages attributable to the pre-existing condition.

## RESERVATION OF RIGHTS

67. Defendant reserves the right to add to, detract and/or amend its affirmative defenses as discovery warrants.

## CLAIM FOR COSTS AND ATTORNEY'S FEES

68. Defendant has been required to retain the services of the undersigned to defend this action and would request an award of taxable costs, including attorney's fees, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Fed. R. Civ. P. 11, and the Court's inherent powers.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all issues so triable.

### Certificate of Service

**I HEREBY CERTIFY** that on February 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> */s/ Gail C. Bradford*
> Gail C. Bradford, Esq.
> Florida Bar No. 0295980
> gbradford@drml-law.com
> Dean, Ringers, Morgan and Lawton, P.A.
> Post Office Box 2928
> Orlando, Florida 32802-2928
> Tel: 407-422-4310
> Fax: 407-648-0233
> Attorneys for Defendant City of Cocoa Beach