UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER:  6:23-cv-00161-RBD-DCI

BRITTANY MINTER,

Plaintiff,

vs.

CITY OF COCOA BEACH, a Florida Municipality,
MATTHEW LAFLEUR, Individually, and
MATTHEW EASTMAN, Individually,

Defendants.
_____/

**DEFENDANTS, MATTHEW LAFLEUR AND MATTHEW EASTMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, BRITTANY MINTER'S COMPLAINT**

The Defendants, Matthew Lafleur and Matthew Eastman, by and through his undersigned attorneys, file and serve their Answer and Affirmative Defenses to the Plaintiff's Complaint as follows:

**GENERAL ALLEGATIONS**

1. Defendants, LAFLEUR and EASTMAN admit the allegations contained in paragraph 1 for pleading purposes only, otherwise paragraph 1 is denied.

2. Defendants, LAFLEUR and EASTMAN admit the allegations contained in paragraph 2 for jurisdictional purposes only, otherwise paragraph 2 is denied.

1

3. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 3 and therefore deny paragraph 3 in its entirety.

4. Defendants, LAFLEUR and EASTMAN admit the allegations contained in paragraph 4.

5. Defendants, LAFLEUR and EASTMAN admit the allegations contained in paragraph 5.

6. Defendants, LAFLEUR and EASTMAN admit the allegations contained in paragraph 6.

7. Defendants, LAFLEUR and EASTMAN admit the allegations contained in paragraph 7 except that they admit for pleading purposes only that Defendants are being sued in their official and individual capacities.

8. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 8 and therefore deny paragraph 8 in its entirety.

9. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 9 and therefore deny paragraph 9 in its entirety.

10. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 10 and therefore deny paragraph 10 in its entirety.

## **STATEMENT OF FACTS**

11. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 11.

12. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 12 and therefore deny paragraph 12 in its entirety.

13. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 13.

14. Defendants, LAFLEUR and EASTMAN deny, as worded the first two sentences of paragraph 14 and have insufficient knowledge to admit or deny the third sentence of paragraph 14 and therefore deny paragraph 14 in its entirety.

15. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 15 and therefore deny paragraph 15 in its entirety.

16. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 16.

17. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 17.

18. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 18.

19. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 19.

20. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 20 and therefore deny paragraph 20 in its entirety.

21. Defendants, LAFLEUR and EASTMAN have insufficient knowledge to admit or deny paragraph 21 and therefore deny paragraph 21 in its entirety.

## COUNT I – SECTION 1983
## CLAIM AGAINST MATTHEW LAFLEUR
## UNLAWFUL STOP, DETENTION AND INTERROGATION

22. Defendants, LAFLEUR and EASTMAN adopt and incorporate their responses to paragraphs 1 through 21.

23. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 23.

24. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 24.

25. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 25.

## COUNT II – SECTION 1983
## CLAIM AGAINST MATTHEW LAFLEUR
## FALSE ARREST / FALSE IMPRISONMENT

26. Defendants, LAFLEUR and EASTMAN adopt and incorporate their responses to paragraphs 1 through 21.

27. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 27.

28. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 28.

29. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 29.

30. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 30.

## COUNT III – STATE LAW CLAIM AGAINST THE CITY OF COCOA BEACH FALSE ARREST / FALSE IMPRISONMENT

Count 3 does not seek to impose liability against Defendants, Lafleur and Eastman. However, in an abundance of caution Defendants, Lafleur and Eastman adopt and incorporate their responses to paragraphs 1 through 21 and deny paragraphs 33 through 36.

## COUNT IV – STATE LAW CLAIM AGAINST MATTHEW LAFLEUR FALSE ARREST / FALSE IMPRISONMENT

37. Defendants, LAFLEUR and EASTMAN adopt and incorporate their responses to paragraphs 1 through 21.

38. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 38.

39. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 39.

40. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 40.

41. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 41.

42. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 42.

## COUNT V – STATE LAW CLAIM AGAINST MATTHEW LAFLEUR MALICIOUS PROSECUTION

43. Defendants, LAFLEUR and EASTMAN adopt and incorporate their responses to paragraphs 1 through 21.

44. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 44.

45. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 45.

46. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 46.

47. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 47.

### COUNT VI – 42 U.S.C. SECTION 1983
### VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
### AGAINST MATTHEW EASTMAN

48. Defendants, LAFLEUR and EASTMAN adopt and incorporate their responses to paragraphs 1 through 21.

49. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 49.

50. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 50.

51. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 51.

52. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 52.

53. Defendants, LAFLEUR and EASTMAN deny the allegations contained in paragraph 53.

**AFFIRMATIVE DEFENSES**

54. By way of affirmative defense, the Defendants, MATTHEW LAFLEUR and MATTHEW EASTMAN, assert that at all times material hereto, they were acting under color of law and within their discretionary authority as law enforcement officers and did not violate clearly established statutory or constitutional rights and thus, are entitled to qualified immunity from suit for all of the constitutional law claims complained of by the Plaintiff.

55. By way of affirmative defense, the Defendants, MATTHEW LAFLEUR and MATTHEW EASTMAN, assert that at all times material hereto, they were lawfully exercising their rights as law enforcement officers and had probable cause to conduct the stop and arrest of Plaintiff.

56. By way of affirmative defenses, the Defendants, MATTHEW LAFLEUR and MATTHEW EASTMAN, assert that their conduct at the scene of the incident, including any use of force was undertaken in good faith and was objectively reasonable under the circumstances presented to them.

57. By way of affirmative defense, the Defendants, MATTHEW LAFLEUR and MATTHEW EASTMAN, assert that all or a portion of the expenses incurred by the Plaintiff as a result of the incident alleged in the Complaint have been paid or are payable from collateral sources.  Therefore, pursuant to the provisions of Florida Statute §768.76, the Defendants are entitled to set off any and

all sums that have been paid to or on behalf of the Plaintiff from any collateral source.

58. Plaintiff, Brittany Minter, failed to mitigate her damages as required by law.

**DEMAND FOR JURY TRIAL**

The Defendants, MATTHEW LAFLEUR and MATTHEW EASTMAN, demand a trial by jury of all issues as triable as a matter of right.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March, 2023, a copy of the foregoing was electronically filed with the Clerk of Court for the US District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to: Daniel P. Faherty, Esquire, Telfer, Faherty & Anderson, PLLC, 815 South Washington Avenue, Suite 201, Titusville, Florida 32780; cguntner@ctrfa.com; croca@ctrfa.com; and Gail C. Bradford, Esquire, Dean, Ringers, Morgan and Lawton, P.A., Post Office Box 2928, Orlando, Florida 32802, gbradford@drml-law.com; gcbservice@drml-law.com.

/s/ *Jeffrey S. Weiss, Esquire*
JEFFREY S. WEISS, ESQUIRE
Florida Bar No. 750565
**GARGANESE, WEISS, D'AGRESTA & SALZMAN, P.A.**
111 N. Orange Avenue, Suite 2000
Orlando, Florida 32801
Tel: 407-425-9566/Fax: 407-425-9596
Primary email:    jweiss@orlandolaw.net

          Secondary email: dsambol@orlandolaw.net
                                dguzman@orlandolaw.net
Attorneys for Defendants, LAFLEUR & EASTMAN

1712-002