UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-cv-00161-RBD-DCI

BRITTANY MINTER,

    Plaintiff,

vs.

CITY OF COCOA BEACH, a Florida
Municipality, MATTHEW LAFLEUR,
Individually, and MATTHEW EASTMAN,
Individually

    Defendants.
_____/

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference via telephone on March 22, 2023. Gail C. Bradford, Esquire, Jeffrey S. Weiss, Esquire, and Daniel P. Faherty, Esquire attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 05/19/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 04/12/2023 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 01/19/2024 |
| Defendant's deadline for disclosing any expert report. | 02/23/2024 |
| Deadline for disclosing any rebuttal expert report. | 03/16/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 06/21/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 07/19/2024 |

| **Action or Event** | **Date** |
|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>    Donna Doyle, Esquire<br>    Mediate First, Inc.<br>    200 E. Robinson Street, #700<br>    Orlando, FL 32801<br>    407-649-9495 | 07/12/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 08/09/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 09/13/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/07/2024 |
| Month and year of the trial term. | 11/04/2024 |

The trial will last approximately 5 days and be

☑ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff Brittany Minter alleges that on April 7, 2022, City of Cocoa Beach Police Officers Matthew Lafleur and Matthew Eastman conducted an illegal traffic stop, and unlawfully detained and arrested her and used excessive physical force on her, in violation of her Fourth and Eighth Amendment rights. Plaintiff further alleges that the City of Cocoa Beach is liable for the actions of its officers and alleges False Arrest/False Imprisonment claims against the City.

Defendants deny liability and any wrongdoing. The individually named Defendant officers assert that there was probable cause for their actions and that

they used only reasonable force in detaining Plaintiff. The individually named Defendant officers also assert that they are entitled to qualified immunity. In addition to joining in the probable cause and reasonable force assertions, the City asserts that it is entitled to sovereign immunity.

Although this matter involves several parties, it is of average complexity relative to federal civil actions generally.

**4.     Disclosure Statement**

☑ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5.     Related Action**

☑ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.     Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is [available on the Court's website](#) under "Forms."

☑ The parties do not consent.

4

7.  **Preliminary Pretrial Conference**

    ☑ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8.  **Discovery Practice**

    > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☑ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9.  **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

       ☑ Yes.
       ☐ No; instead, the parties agree to these changes: enter changes.

    B. Discovery may be needed on these subjects: Liability, causation, and damages.

    C. Discovery should be conducted in phases:

       ☑ No.
       ☐ Yes; describe the suggested phases.

    D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☑ Yes;

Defendant City of Cocoa Beach requests that if disclosure or discovery of ESI is sought by any party from any other party, the following issues shall be addressed and resolved *prior* to undertaking the discovery of the requested ESI:
   a. The form or forms in which ESI should be produced.
   b. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery, specific search terms for such discovery, the time period for which discovery will be sought, and the specific custodians to be searched.
   c. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.
   d. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.
   e. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.
   f. Any issues relating to preservation of discoverable ESI.
   g. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  The parties should attempt to agree on protocols that minimize the risk of waiver.
   h. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.
   i. Allocation of costs related to production of requested ESI.

E. ☑   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

10. **Request for Special Handling**

☒ The parties do not request special handling.
☐ The parties request special handling. Specifically, describe requested special handling.
☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

*/s/ Daniel P. Faherty*
Daniel P. Faherty, Esq.
Florida Bar No. 0379697
Telfer, Faherty & Anderson, P.L.L.C.
815 South Washington Avenue, Suite 201
Titusville, FL 32780
Tel:   (321) 269-6833
Fax:   (321) 383-9970
cguntner@ctrfa.com
croca@ctrfa.com
Attorneys for Plaintiff
(signed by filing attorney with permission of Daniel P. Faherty)

*/s/ Gail C. Bradford*
Gail C. Bradford, Esq.
Florida Bar No. 0295980

Dean, Ringers, Morgan and Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310
Fax: 407-648-0233
gbradford@drml-law.com
gcbservice@drml-law.com
Attorneys for Defendant, City of Cocoa Beach

*/s/ Jeffrey S. Weiss*
Jeffrey S. Weiss, Esq.
Florida Bar No. 750565
Garganese, Weiss, D'Agresta & Salzman, P.A.
111 N. Orange Avenue, Suite 2000
Orlando, Florida 32801
Tel: 407-425-9566
Fax: 407-425-9596
jweiss@orlandolaw.net
dsambol@orlandolaw.net
dguzman@orlandolaw.net
Attorneys for Defendants, Matthew Lafleur and Matthew Eastman
(signed by filing attorney with permission of Jeffrey S. Weiss)