UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRITTANY MINTER,**

      **Plaintiff,**

v.                                                   Case No: 6:23-cv-161-RBD-DCI

**CITY OF COCOA BEACH, MATTHEW LAFLEUR and MATTHEW EASTMAN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On April 24, 2023, the undersigned issued a notice of hearing to be held on May 4, 2023, on Daniel P. Faherty's Motion to Withdraw as Counsel (Attorney Flaherty). Doc. 29. The Notice directed Plaintiff, Attorney Faherty, and Defendants' counsel to appear in person at the hearing. *Id*. Attorney Faherty filed a proof of service of that Order on Plaintiff. Doc. 30. On May 4, 2023, the undersigned conducted the hearing and Plaintiff failed to appear. Attorney Faherty represented to the undersigned at the hearing that he attempted to contact Plaintiff via cell phone to advise her of the hearing but was unsuccessful.

The undersigned granted Attorney Faherty's Motion to Withdraw to the extent that Attorney Faherty was terminated and withdrawn as counsel from the case. Doc. 32. By separate Order, the undersigned directed Plaintiff to show cause why Plaintiff should not be sanctioned for the failure to appear and warned Plaintiff that the failure to do so may result in the dismissal of this case without further notice. Doc. 33. The undersigned directed Attorney Faherty to serve the Order to Show Cause on Plaintiff and file a notice with the Court stating the manner and date of service. *Id*. Attorney Faherty filed a Proof of Service of the Order to Show Cause. Doc. 34.

Plaintiff has not shown cause or otherwise responded to the Order to Show Cause and the time for doing so has significantly elapsed.

Based on the foregoing, it is **RECOMMENDED** that:

1. the case be **DISMISSED** for failure to prosecute;

2. the Clerk be directed to close the case; and

3. Defendant's Motion to Compel Discovery or Dismiss Plaintiff's Complaint (Doc. 37) be **DENIED** as moot.[1]

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 10, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Defendant states that Plaintiff has not responded to Defendant's counsel's attempts to contact Plaintiff with regard to discovery and "[n]o electronic or paper mailings have been rejected or returned." *Id*. at 2. As such, Defendant requests an order to compel Plaintiff to respond to written discovery and submit to a deposition or, alternatively, Defendant seeks dismissal of the case for failure to prosecute. *Id.*